UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DA'MABRIUS DUNCAN, as Special
Administrator of the Estate of Taylor Lowery, et
al.,

       Plaintiffs,

       v.

CITY OF TOPEKA, KANSAS, et al.,

       Defendants.

Case No. 25-2700-DDC-ADM

## MEMORANDUM AND ORDER

This case arises out of the shooting of Taylor Lowery ("Lowery") by Topeka police officers in 2022. It is now before the court on Plaintiffs' Motion for Leave to File First Amended Complaint. (ECF 32.) By way of the motion, Da'Mabrius Duncan, as the special administrator of Lowery's estate, and L.L., Lowery's minor daughter and heir-at-law, through Duncan as her next friend (together, "plaintiffs"), seek leave to amend the complaint to add two new claims, new factual allegations, an additional request for relief, and an additional defendant. As discussed in further detail below, the court finds that defendants have not demonstrated any reason for the court to deny amendment under Federal Rule of Civil Procedure 15. The court grants the motion and directs plaintiffs to file the amended complaint.

## I.    BACKGROUND

In the early morning hours of October 13, 2022, Topeka police officers responded to a domestic-disturbance call at a Topeka residence. Lowery was at the residence and fled. Two officers followed Lowery, who drove to a Kwik Shop gas station parking lot. When Lowery, holding a knife, moved in one officer's direction, both officers shot him multiple times. The volley of shots caused Lowery to fall to the ground momentarily, but he got back up, holding a wrench.

Around the same time, additional officers arrived.  Multiple officers shot Lowery in a second volley of shots.  Lowery died at the scene from gunshot wounds.

On August 1, 2024, plaintiffs filed suit in this court, asserting claims against nine Topeka police officers for excessive-force under 42 U.S.C. § 1983, common law assault-and-battery, and wrongful-death under Kansas statute; and against the City of Topeka under § 1983 for failure to train and supervise the officers ("the first suit").[1]  Case No. 24-cv-2336-DDC-ADM.  No one disputes that the first suit was timely filed within the applicable two-year statute of limitations. *See Whye v. City Council for City of Topeka*, 278 Kan. 458, 460 (2004) (two-year statute of limitations applied to § 1983 claims).  Plaintiffs voluntarily dismissed the first suit on June 30, 2025.

On November 30, 2025, plaintiffs refiled the lawsuit—*i.e.*, the present one—asserting the same factual allegations and claims as in the first suit.  (ECF 2.)  Again, no one disputes that this lawsuit was timely filed because the Kansas savings statute allows plaintiffs to refile an action within six months after a dismissal that was not on the merits.  *See* KAN. STAT. ANN. § 60-518.

On April 2, 2026, the court conducted a scheduling conference and entered a scheduling order.  (ECF 31.)  The scheduling order acknowledged that plaintiffs anticipated filing a motion for leave to amend the complaint, and set an April 3 deadline for any motion "for leave to join additional parties or to otherwise amend the pleadings."  (*Id.* at 6.)  On that date, plaintiffs filed the present motion seeking leave to file an amended complaint.

---

[1] Plaintiffs later filed an amended complaint that removed certain officers and added other officers as defendants.

Plaintiffs' proposed amended complaint, in addition to less significant changes,[2] would add two § 1983 claims: one against six officers for failure to intervene to stop the use of deadly force and to provide Lowery with emergency medical assistance; and the second against the same six officers and the City for deliberate indifference to Lowery's serious medical needs after he was shot based on the officers' alleged delay in calling an ambulance and offering emergency medical aid. In addition, it would add as a defendant Sergeant Shawn Doiron, the police supervisor who arrived at the Kwik Shop shortly after the second volley of shots. Finally, the proposed amended complaint seeks to add factual allegations about defendants' post-shooting conduct at the scene related to the timing of when medical assistance was sought and provided Lowery.

## II. LEGAL STANDARDS

Plaintiffs filed the motion for leave to amend by the deadline set in the scheduling order, but more than 21 days after defendants responded to the complaint. In this situation, Federal Rule of Civil Procedure 15(a)(2) governs amendment. The motion also implicates Federal Rule of Civil Procedure 20 because plaintiffs' motion seeks to add a new defendant.

## III. ANALYSIS

### A. Amendment under Rule 15(a)(2)

Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456

---

[2] Defendants do not oppose the motion to the extent that "the proposed amendments . . . (1) add additional factual detail regarding the events leading up to and including the shooting, [and] (2) reorganize Plaintiffs' excessive force allegations into separate counts based on the two volleys of shots." (ECF 33, at 3.)

(10th Cir. 1982)).  A court may withhold leave to amend only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted.  *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (holding that, in the absence of such a showing, amendment should be allowed).  Whether to grant a motion to amend is within the court's sound discretion.  *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006) (citing *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127 (10th Cir. 1987)).

Defendants oppose amendment on two grounds: undue delay and futility.  The court will address the arguments in turn.

Undue Delay

First, defendants argue that plaintiffs unduly delayed seeking to assert the proposed new allegations and to add Sgt. Doiron, which "weighs against granting leave to amend."  (ECF 33, at 12.)  Defendants assert that "no discovery has occurred in the present case" and that plaintiffs "possessed the information underlying their proposed amendments well before they refiled this case."  (*Id.* at 11-12.)

The court does not disagree with defendants that, when this case is viewed in conjunction with the first suit, the court could deem the proposed amendments untimely.  But out of an abundance of caution and in considering the liberal amendment standards directed by Rule 15(a)(2), the court only considers whether plaintiffs unduly delayed in seeking amendment in the

4

present action.  Under that lens, the court finds that plaintiffs' delay in asserting the proposed amendments was not "undue."  "Lateness does not of itself justify the denial of the amendment." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting R.*E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).  This is not a situation in which a plaintiff "is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay raising issue until the eve of trial.'"  *Id.* at 1206 (cleaned up with internal citations removed).  Plaintiffs mentioned their desire to file an amended complaint during the scheduling conference and filed the motion the very next day.  Defendants concede that discovery has not yet "occurred in the present case," and do not suggest that they would suffer any prejudice as a result of the delay.  Given the early stage of this suit, the court will not deny leave to amend on the basis of undue delay.  That said, the court remains mindful that this case is a refiling of the first suit, such that plaintiffs are getting a second bite at the apple, and the court does not envision permitting any further amendments given the relatively advanced stage of the parties' overall litigation trajectory.

<u>Futility</u>

Defendants also argue that the court should deny plaintiffs leave to amend because the proposed amendments are futile.  Specifically, defendants assert that plaintiffs' proposed new § 1983 claims are barred by the statute of limitations and would therefore be subject to dismissal. *See Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal.").

5

Plaintiffs acknowledge that the proposed new claims are subject to a two-year statute of limitations and are based on injuries that arose more than two years ago, but plaintiffs present a viable argument that the claims are nonetheless timely under Rule 15(c)(1)(B)'s relation-back provision. That rule provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Plaintiffs assert that the proposed new claims "arise from the same occurrence pleaded in the original Complaint – the fatal shooting of Taylor Lowery on October 13, 2022, by City of Topeka police officers." (ECF 36, at 3.)

Defendants disagree, arguing that amendments do not relate back under Rule 15(c)(1)(B) because they are based on new factual information. Defendants assert that the original and refiled complaints focused on the officers' use of force *during* the shootings, while the proposed amendments are based on the officers' conduct *after* the shooting. (ECF 33, at 5, 7.) For this same reason—that the new claims and factual allegations were not asserted in the original complaint—defendants contend that the Kansas Savings Statute does not preserve the proposed claims.

Defendants further assert that, to the extent the two proposed new claims are brought against Sgt. Doiron as a new defendant, they are futile because plaintiffs cannot satisfy Rule 15(c)(1)(C). When an amendment adds a new party, Rule 15(c)(1)(C) permits relation back only if, in addition to satisfying Rule 15(c)(1)(B), the proposed new party received notice of the action and "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C). Defendants note that

plaintiffs have not asserted that Sgt. Doiron "was omitted from the original complaint due to mistake concerning his identity." (ECF 33, at 10.)[3]

Defendants' arguments against the inapplicability of relation-back provisions may well be meritorious. But plaintiffs' counter arguments are not facially frivolous. Indeed, the contours of the relation-back doctrine and the Kansas Savings Statute as applied to the proposed amended pleading are murky enough that they should be decided by the district judge presiding over this case on a dispositive motion. At this procedural juncture, the court finds it prudent to allow amendment given that denial of leave to amend would be dispositive of the proposed claims and considering the early stage of this case. *See Poulos v. Brickley Enters., LLC*, No. 19-2629-JAR-JPO, 2020 WL 1812269, at *3 (D. Kan. Apr. 8, 2020) ("Plaintiff's proposed amendments are not clearly frivolous on their face, and district judges (as opposed to magistrate judges) are tasked with determining dispositive matters in a case.")*; Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous."). Defendants, of course, may renew their arguments in a motion to dismiss filed in response to the amended complaint.[4]

### B.    Joinder Under Rule 20(a)(2)

Plaintiffs' motion also implicates Federal Rule of Civil Procedure 20 governing joinder of

---

[3] Defendants also briefly address whether joinder of a new party is proper under Federal Rule of Civil Procedure 19 or 20, but ultimately do not assert this as a basis of their futility argument. The court addresses joinder below.

[4] To the extent defendants challenge the availability of injunctive relief, they also may raise that in a motion to dismiss.

parties.[5]  When a motion to amend seeks to add a party who is not required, the court also must consider Rule 20.  *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 WL 2008860, at *3 (D. Kan. Apr. 30, 2018).  Under that rule, a person may be joined as a defendant if (1) the claims against him "arise out of the same transaction or occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2).  There is no generalized test for determining whether alleged facts constitute the same transaction or occurrence for the purpose of Rule 20.  *See* 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed.).  Rather, the phrase is flexible, depending on the connection of the transactions or their logical relationship.  *See AKH Co.*, 2018 WL 2008860, at *5.  "Language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."  *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006) (quoting 7 WRIGHT & MILLER § 1653, *supra).*  As with Rule 15, the court liberally construes Rule 20 "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  *AKH Co.*, 2018 WL 2008860, at *5; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and

---

[5] Plaintiffs seek joinder of Sgt. Doiron under either Federal Rule of Civil Procedure 19 or 20.  Because the court finds that joinder is permitted under Rule 20, the court need not address Rule 19 as an alternative basis.

remedies is strongly encouraged.").

Plaintiffs' proposed amended complaint asserts only two claims against Sgt. Doiron—the two new § 1983 claims for failure to intervene and deliberate indifference, which plaintiffs also assert against five officers already named as defendants in the suit. The court easily finds that, to the extent these claims are asserted against Sgt. Doiron, they arise out of the same transactions/occurrences from which they are asserted against the other named defendants. Moreover, common questions of law and fact will arise as to all six defendants against whom these claims are jointly brought. Plaintiffs seek to hold all six officers jointly and/or severally liable for the violations alleged. Joining Sgt. Doiron as a defendant as to the newly asserted claims is appropriate under Rule 20(a)(2). Again, as noted above, Sgt. Doiron will have an opportunity to file a motion to dismiss if he seeks to argue that the claims against him are untimely based on the inapplicability of the relation-back provision of Rule 15(c)(1)(C).

## IV.    CONCLUSION

Leave to amend should be freely given when justice so requires. This case is in its early stages, and defendants have not established the proposed amendments are futile or unduly delayed. Further, joinder of Sgt. Doiron as a defendant is appropriate under Rule 20(a)(2), whether or not the court ultimately determines that the claims against him relate back under Rule 15(c)(1)(C). For these reasons, the court exercises its discretion and grants plaintiffs leave to file their amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (ECF 32) is granted.

**IT IS FURTHER ORDERED** that plaintiffs must file the amended complaint as a separate docket entry within **7 calendar days** of this order.

9

Dated May 7, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge