UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DA'MABRIUS DUNCAN, as Special
Administrator of the Estate of Taylor Lowery, et
al.,

      Plaintiffs,

      v.

CITY OF TOPEKA, KANSAS, et al.,

      Defendants.

Case No. 25-2700-DDC-ADM

**MEMORANDUM AND ORDER**
**and**
**AMENDED SCHEDULING ORDER**

This case arises from the shooting death of Taylor Lowery by Topeka, Kansas, police officers in 2022. It is now before the court on defendant Shawn Doiron's motion to stay discovery pending resolution of the officer defendants' motion to dismiss plaintiffs' first amended complaint. (ECF 48.) Also before the court is a motion brought by the officer defendants to amend the scheduling order to extend case-management deadlines by approximately 60 days. (ECF 51.) For the reasons discussed below, Doiron's motion to stay discovery is granted as to Doiron, but denied as to the remainder of the case. The motion to amend the scheduling order is unopposed and is granted.

## I.     BACKGROUND

In 2024, plaintiffs filed suit in this court, asserting claims against Topeka police officers for excessive-force under 42 U.S.C. § 1983, common law assault-and-battery, and wrongful-death under Kansas statute; and against the City of Topeka ("the City") under § 1983 for failure to train and supervise the officers ("the first suit"). Case No. 24-cv-2336-DDC-ADM.    After the

substantial completion of written discovery and the completion of about half of the depositions sought, plaintiffs voluntarily dismissed the first suit on June 30, 2025. On November 30, 2025, plaintiffs refiled the lawsuit—*i.e.*, the present one—asserting the same factual allegations and claims as in the first suit. The claims asserted were timely because the Kansas savings statute allows plaintiffs to refile an action within six months after a dismissal that was not on the merits. *See* KAN. STAT. ANN. § 60-518.

On May 12, 2026, with the court's leave, plaintiffs filed an amended complaint that added two § 1983 claims: one against officers for failure to intervene to stop the use of deadly force and to provide Lowery with emergency medical assistance; and the second against officers and the City for deliberate indifference to Lowery's serious medical needs after he was shot. (ECF 38.) Additionally, the amended complaint added Doiron, a police supervisor who arrived at the scene of the shooting, as a defendant. Finally, the amended complaint added factual allegations about defendants' post-shooting conduct related to the timing of when medical assistance was sought and provided Lowery.

On May 26, the officer defendants (including Doiron) filed a motion to partially dismiss the amended complaint. (ECF 44.) The officers argue that the two new claims and the assault-and-battery claim are barred by the statute of limitations (and not subject to the Kansas savings statute), that plaintiffs' amended complaint fails to state a claim against Doiron, and that Doiron is entitled to qualified immunity. The City separately filed a motion to dismiss all claims asserted against it, arguing a statute-of-limitations bar and failure to state a claim. (ECF 42.)

## II.    DISCOVERY STAY AS TO DOIRON

On May 27, Doiron filed his motion to stay discovery pending resolution of the officer defendants' motion to dismiss. (ECF 48.) Doiron bases his motion on his assertion of qualified

immunity in the motion to dismiss, noting caselaw holding the court should decide immunity questions before requiring a defendant asserting the defense to engage in discovery. Doiron also argues the claims against him are closely intertwined with the remaining claims in the case, such that all discovery should be stayed. The other officers have not asserted an opinion on whether the court should stay all discovery, but presumably they do not oppose it given that they are represented by the same counsel as Doiron. Plaintiffs filed a response to the motion, stating they do not oppose a discovery stay as to Doiron, but they do seek to conduct limited discovery of the other defendants. (ECF 52.)

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.,* No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023). Whether to grant a stay of discovery is committed to the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

As mentioned, Doiron's motion to stay is based on the fact that he has asserted a qualified immunity defense in his motion to dismiss. A defendant generally is entitled to have questions of immunity resolved before being required to engage in discovery. *See Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed

upon those defending a long drawn out lawsuit."). Until the "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *Siegert*, 500 U.S. at 232 (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits"). The undersigned judge makes no prediction on whether the presiding district judge will find Doiron immune from suit, but the law is clear that Doiron is shielded from discovery until the court makes that threshold determination. Thus, the court grants Doiron's motion to stay as to discovery from Doiron.

The court finds no reason, however, to stay discovery as to the remaining defendants. As noted, the district's policy is not to stay discovery based solely on the pendency of dispositive motions. This case will proceed in some form regardless of the district judge's ruling on the motions to dismiss, as the motions do not challenge every claim in the case. Moreover, the claims in the case stem from the same set of facts and circumstances that occurred on a single night, so discovery sought on those facts will not be wasteful, even if certain claims ultimately are dismissed. As a general matter, stays are disfavored because they "can delay a timely resolution of the action," and that is certainly true here. *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020); *see also Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (ruling "the right to proceed in court should not be denied except under the most extreme circumstances"). The court finds that moving this case forward—to the extent possible—will further the goal of a "just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1.

## III.    AMENDED SCHEDULING ORDER

Shortly after Doiron filed his motion to stay, he and the other officer defendants filed a motion to amend the scheduling order (ECF 31) to extend case-management deadlines by approximately 60 days. (ECF 51.) As noted, no party opposes the requested extensions. For good cause shown, the motion is granted. The scheduling order (ECF 31) is amended as follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
| --- | --- |
| Event | Deadline/Setting |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **July 31, 2026** |
| Defendant experts disclosed | **August 3, 2026** |
| Mediation completed | **August 21, 2026** |
| All discovery completed | **September 29, 2026** |
| Proposed pretrial order due | **October 5, 2026** |
| Pretrial conference | **October 15, 2026, at 1:30 p.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **November 13, 2026** |
| Trial — ETT 10 days | **August 2, 2027, at 9:00 a.m.** |

All other provisions of the original scheduling order remain in effect. The court will not modify the schedule adopted in this amended scheduling order except by leave of court upon a showing of good cause. The court cautions the parties that, given the protracted history of the overall litigation between the parties to this case, the court will be highly disinclined to grant any further extensions of the case schedule unless plaintiffs' claims against Dorian survive the motion to dismiss, in which case the court will consider adjustments to the schedule to accommodate those claims.

5

**IT IS THEREFORE ORDERED** that Doiron's motion to stay discovery pending resolution of the officer defendants' motion to dismiss plaintiffs' first amended complaint (ECF 48) is granted in part and denied in part, as set forth above.

**IT IS FURTHER ORDERED** that the officer defendants' motion to amend the scheduling order (ECF 51) is granted, and the scheduling order is amended as set forth above.

Dated June 10, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge