## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THE ESTATE OF TAYLOR LOWERY,
et al.,

   Plaintiffs,

v.

CITY OF TOPEKA, KANSAS, et al.,

   Defendants.

Case No.: 2:25-CV-02700-DDC-ADM

## MOTION FOR SANCTIONS OF DEFENDANTS GOOD, NETHERTON, GILLUM, MCENTIRE, AND WALL

Defendants Officer Justin Good, Officer Bradley Netherton, Officer Malcolm Gillum, Sgt. Scott McEntire, and Det. Alex Wall, by undersigned counsel, and pursuant to Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b), and 18 U.S.C. 401, move for sanctions against Counsel for Plaintiffs for violating and disregarding the Court's Protective Order. In support of this Motion, Defendants state as follows:

### I. Procedural History and Background.

Now in its second iteration, this case arises from an officer-involved shooting on October 13, 2022, in which Taylor Lowery was shot and killed. Plaintiffs allege that Defendants used excessive force and committed assault and battery.

While the parties heavily disputed the disclosure of body-camera footage in the initial action, they explicitly agreed that the Individual Defendants' personnel and employee files constituted "confidential information." [*See Estate of Lowery v. City of Topeka, et al.,* Case No. 2:24-CV-002336-DDC-ADM, ECF Nos. 28, 32]. The parties likewise agreed to the proper procedure for challenging such designations. Following the conclusion of briefing, the Court entered a Protective Order on December 26, 2024. [*See id.* at ECF No. 37].

The next day, December 27, 2024, the Individual Defendants produced their discovery responses, which included the officers' training files. [*See id.*, ECF No. 38]. Pursuant to Section 2(a) of the Protective Order, these training files were designated and marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Plaintiffs' counsel never challenged these designations under Section 8 of the Protective Order before *Lowery I* was dismissed on June 3, 2025.

This matter was then refiled on November 20, 2025. Although new counsel has since entered their appearance on behalf of Plaintiffs, counsel has possessed these documents for roughly five months and, again, have not challenged the confidential designations under Section 8. Instead, the confidential information was leaked to the media. On May 19, 2026, the National Policy Accountability Project published an article containing a hyperlink to a public Google Drive. [Exhibit A]. This drive hosted an image of document TPD 8621, which is prominently marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" and is a portion of Officer Netherton's confidential training file.[1] The article features statements from both Ms. Bonds and Ms. Foster.

Furthermore, a *Topeka Capital-Journal* article published days earlier, on May 15, 2026, detailed additional statements from Ms. Bonds, Ms. Foster, and Ms. Lassiter Saunders. [Exhibit B]. Crucially, the article explicitly reports that the "estate's legal team… provided copies of TPD's 'de-escalation training[.]'" While the full scope of the breach is still unknown, this reporting makes it undeniably clear that the confidential documents originated directly from Plaintiffs' counsel.

By leaking these confidential materials, Plaintiffs' counsel, specifically Ms. Bonds, Ms. Foster, and Ms. Lassiter Saunders, have defied this Court's Protective Order. Due to counsel

---

[1] Following the parties pre-motion discovery conference on June 8, 2026, the document is no longer hyperlinked.

choosing public dissemination over the Court's established procedures, judicial sanctions are not only appropriate, but necessary to deter future conduct of this kind.

## II.    Argument and Authorities.

Federal Rule of Civil Procedure 37(b) empowers the Court to impose sanctions on a party that fails to comply with a discovery order. Available sanctions include, but are not limited to:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Additionally, under Rule 16(f)(1)(C), the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C).

As this is now the second time confidential information has been publicly disseminated in direct violation of the Court's Protective Order, Defendants request that the Court impose sanctions to address this misconduct. These sanctions should, at a minimum, include an Order by this Court requiring all counsel of record for Plaintiffs to disclose, via affidavit, the full scope of confidential documents released to any third parties not contemplated by Section 6(b) of the Protective Order. This request is appropriate due to the circumstances. The Topeka Capital Journal article references, vaguely, "training documents" provided by the "estates legal team." Due to the unknown extent of the disclosure, and the specific source of such disclosure, the Defendants and the Court lack the critical information necessary to determine what other protected materials may have been compromised. Furthermore, compelling a sworn accounting

3

is the only mechanism available to measure the damage, halt further unauthorized disclosures, and ensure compliance moving forward.

Additionally, Defendants request that the Court publicly admonish Plaintiffs' counsel, specifically Ms. Bonds, Ms. Foster, and Ms. Lassiter Saunders, for their willful and blatant violation of the Court's Order. A public reprimand is uniquely tailored to the misconduct at issue here. Since the violation was carried out through public media channels, clearly for the purpose of shaping public perception, the remedy should be equally public to vindicate the integrity of these proceedings. Moreover, because this is the second instance of unauthorized dissemination in this matter, a formal and public admonition is necessary to deter future non-compliance and to signal that further disregard for this Court's mandates will carry severe professional consequences. Finally, this District has repeatedly held that public admonishment is an appropriate and measured sanction where a protective order has been violated. *Lawson v. Spirit AeroSystems, Inc.,* No. 18-1100-EFM-ADM, 2020 WL 3475231, at \*1 (D. Kan. June 25, 2020) (finding public admonition appropriate where a protective order was violated); *See also CST Indus., Inc. v. Tank Connection, LLC*, No. 23-2339-JAR-RES, 2025 WL 660809, at \*9 (D. Kan. Feb. 28, 2025) (same).

Wherefore, Defendants Officer Justin Good, Officer Bradley Netherton, Officer Malcolm Gillum, Sgt. Scott McEntire, and Det. Alex Wall respectfully request that the Court grant this Motion and enter an order (1) compelling Plaintiffs' counsel of record to disclose, via sworn affidavit, the full extent of all confidential documents shared with unauthorized third parties, (2) publicly admonishing Plaintiffs' counsel for their willful violation of the Court's Protective Order, and (3) imposing such other and further sanctions or relief as the Court deems just and appropriate under the circumstances.

4

Respectfully submitted,

Kurtz & Buck LLC


/s/ Jamie L. Welch
Cory R. Buck, KS 25969
Jamie L. Welch, KS 29318
Makaylah L. Jones, KS 30418
1201 NW Briarcliff Pkwy, 2nd Floor
Kansas City, MO  64116
Tel:   (816) 897-7500
Fax:  (816) 897-7500
cory.buck@kurtzbuck.com
jamie.welch@kurtzbuck.com
makaylah.jones@kurtzbuck.com
Attorneys for Defendants Officers Justin Good,
Officer Bradley Netherton, Officer Malcolm
Gillum, Sergeant Scott McEntire, and Detective
Alex Wall

## Certificate of Service

I hereby certify that on June 16, 2026, a true and correct copy of the above and foregoing was served by electronic filing with the Clerk of the Court in the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.


/s/ Jamie L. Welch
Jamie L. Welch

5